Hall, J.
A motion for a new trial was filed and approved on February 6, 18S5, and on that day an order was passed by the court, which recited that the short-hand reporter who took down the evidence and rulings of the court during the progress of the trial was not prepared to furnish copies thereof to counsel for movant at the term, and thereupon ordered that movant’s counsel should have thirty days after the adjournment of the court to prepare and file the brief of evidence in the case and submit the same to counsel for respondents; that movant’s counsel should, by the first Wednesday in June, 1885, submit to the court said brief of evidence for approval, in the event that counsel for both parties should fail to agree on the same. The hearing was set for the first Wednesday in June, and the privilege of amending the motion, by giving the opposite party notice thirty days before the hearing, was granted. The court adjourned on February G. The brief of the testimony furnished by the reporter was filed on Saturday, March 7, and handed to counsel for respondents. It appeared from the affidavit of respondent’s counsel that a record, forming part of the documentary evidence, was not filed with the stenographer’s report, but remained in his'possession until March 9, at which time one of counsel for respondent “ got this record
Held, that, by the terms of the order, the brief of evidence to be furnished by the shorthand reporter was to be filed within thirty days after the adjournment of the court. It was also to be submitted to respondent’s counsel; buf when this was to be done is not provided, except that, inferentially, the time for agreement was any time before the hearing.
2. Under the order the obligation was mutual upon the parties. The brief was delivered to respondent’s counsel to afford, him an opportunity to assist in perfecting it. He made no effort to do so ; nor did *49 he make any objection, except to the omission of the copy of the single document in his possession.
R. K. Hines ; T. D. Hightower; W. A.[Lofton, for plaintiff in error.
John M. Stubbs, for defendant.
(a) If the omitted document was filed on March 2,,it was in time. Thirty days after the.adjournment of court being allowed for the filing, and the last day falling on Sunday, March 8, the filing on Monday was within the time prescribed. Code, §4, sub-sec. §8.
3. Counsel for the movant complied substantially with the requirements of the order for the preparation and perfection of the motion ; the opposite party made no effort whatever to aid in the completion of the work, and it was improper to allow him to take advantage of his own inaction to dismiss the motion.
(a) This not being a consent order, it is doubtful whether the court had -power to impose on counsel conditions as to giving notice in order to exercise the right of amendment of the motion. Code, §3479.
Judgment reversed.